In the Matter of MILDRED BLOCK, Appellant, v PATRICIA L. GATLING, as Commissioner of New York City Commission on Human Rights, et al., Respondents. [922 NYS2d 327]—

Order and judgment (one paper), Supreme Court, New York County (Joan B. Lobis, J.), entered on or about February 18, 2010, inter alia, denying the petition to annul the determination of respondent New York City Commissioner of Human Rights, dated June 12, 2009, which found no probable cause to believe that petitioner was discriminated against by respondent Aramark Sports, LLC, sued herein as Aramark, Inc., her employer, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The determination that there is no probable cause to believe that petitioner was discriminated against by her employer is supported by substantial evidence (*see* Administrative Code of City of NY § 8-123 [e]). Petitioner's claim that her transfer from a portable beer stand at Shea Stadium to a food stand where she earned less money in tips was an adverse employment action is unsupported in the record (*see Mete v New York State Off. of Mental Retardation & Dev. Disabilities*, 21 AD3d 288, 290 [2005]). The transfer was merely an alteration of her responsibilities and did not result in a "materially adverse change," since petitioner retained the terms and conditions of her employment, and her salary remained the same (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 306 [2004]; *Messinger v Girl Scouts of U.S.A.*, 16 AD3d 314 [2005]). There also was substantial evidence that petitioner failed to substantiate her claim of discrimination based on disability, since she had neither requested nor been refused a reasonable accommodation (*see Pembroke v New York State Off. of Ct. Admin.*, 306 AD2d 185 [2003]).

Respondent's investigation into petitioner's complaint was

sufficient, and its determination rational, since petitioner had a full and fair opportunity to present her case (*see Stern v New York City Commn. on Human Rights*, 38 AD3d 302 [2007]). The record establishes that the investigation was not "abbreviated or one sided" (*David v New York City Commn. on Human Rights*, 57 AD3d 406, 407 [2008] [internal quotation marks and citation omitted]). Petitioner's allegation that respondent's determination was biased was also unsubstantiated. Concur—Saxe, J.P., Friedman, Freedman and Richter, JJ. **[Prior Case History: 26 Misc 3d 1228(A), 2010 NY Slip Op 50294(U).]**