■ ERVIDO B. MEJIA, Appellant, v ROOSEVELT ISLAND MEDICAL ASSOCIATES, Doing Business as COLER-GOLDWATER HOSPITAL & NURSING FACILITY, et al., Respondents. [944 NYS2d 521]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered March 31, 2011, which granted defendants' motion for summary judgment dismissing plaintiff physician's claims for age discrimination, retaliation, and hostile work environment under the New York State Human Rights Law (State HRL), unanimously affirmed, without costs.

The motion court correctly found that none of the employment actions pointed to by plaintiff entailed an adverse employment action (*see Messinger v Girl Scouts of U.S.A.*, 16 AD3d 314, 314-315 [2005]). Plaintiff contends that defendant Roosevelt Island Medical Associates involuntarily transferred him from a pulmonary unit to a regular ward. It is undisputed, however, that, apart from a change in the nature of his duties, plaintiff "retained the terms and conditions of [his] employment, and [his] salary remained the same" (*Matter of Block v Gatling*, 84 AD3d 445, 445 [2011], *lv denied* 17 NY3d 709 [2011]). Hence, this transfer was "merely an alteration of [his] responsibilities," and, as such, not an adverse employment action (*Block*, 84 AD3d at 445).

Plaintiff also alleges that he was frequently assigned more difficult cases, often at inconvenient times, such as the end of a work shift, or while he was undertaking continuing medical education. Plaintiff does not identify any of these allegedly more difficult patients, or any time frame during which he received these more difficult assignments. These vague allegations, "devoid of evidentiary facts," lack probative value (*Castro v New York Univ.*, 5 AD3d 135, 136 [2004]). In any event, as plaintiff does not allege that these assignments were accompanied by any reduction in pay or rank, they would also constitute mere alterations of responsibilities, and not adverse employment actions (*see Block*, 84 AD3d at 445).

Plaintiff contends that his vacations were unfairly postponed in 1999, 2000, and 2006. Plaintiff filed the initial complaint in this action in October 2004. As employment discrimination claims under the State HRL are governed by a three-year statute of limitations, plaintiff's allegations relating to delays of vacations in 1999 and 2000 are not actionable (*see* CPLR 214 [2]; *Mascola v City Univ. of N.Y.*, 14 AD3d 409, 409 [2005]). As for the incident in 2006, when plaintiff was forced to delay his

vacation for two weeks (with compensation for the additional expenses he incurred), the " 'particular timing of a vacation is not so disruptive that it crosses the line from "mere inconvenience" to "materially adverse" employment action' " (*Figueroa v New York Health & Hosps. Corp.*, 500 F Supp 2d 224, 230 [SD NY 2007]). Indeed, "standing alone," even "constant denials of [his] vacation would not rise to the level of an adverse employment" action (*id.* [ellipsis omitted]).

Plaintiff complains that, in 2005 and 2006, he was subjected to several mortality and peer reviews, following the deaths of at least two of his patients. Plaintiff notes that, in a biannual evaluation covering the period 2003 to 2005, his supervisor rated plaintiff "unsatisfactory" in several categories, including mortality review and clinical skills. Plaintiff's supervisor recommended, however, that plaintiff keep his rank of Attending Physician, and accompanying salary and privileges. Finally, during a six-week period in January and February, 2006, plaintiff's supervisor directed that plaintiff's performance be supervised by a physician who was junior to plaintiff in age and experience. After six weeks, however, upon the recommendation of the supervising physician, plaintiff's supervisor lifted the supervision.

As none of these negative evaluations resulted in any reduction in pay or privileges, they do not support plaintiff's claim of discrimination. "[R]eprimands and excessive scrutiny do not constitute adverse employment actions in the absence of other negative results such as a decrease in pay or being placed on probation" (*Hall v New York City Dept. of Transp.*, 701 F Supp 2d 318, 336 [ED NY 2010] [ellipsis omitted]).

Finally, plaintiff contends that he was discriminated against in 2004, when two younger physicians were promoted to the position of Associate Director of the Department of Medicine. Plaintiff does not allege that he applied for the position, however, contending only that, in March 1999, he orally requested promotion to that position. This allegation does not support his claim, however, as it is too remote in time from the 2004 promotions. Under the circumstances, plaintiff's failure to specifically apply for the position is fatal to his claim of discriminatory failure to promote (*see Petrosino v Bell Atl.*, 385 F3d 210, 226-227 [2d Cir 2004]). Plaintiff's suggestion that he did not apply for the position in 2004 because it was not advertised is unavailing, as it finds no support in the record other than his own assertion.

Accordingly, plaintiff has failed to make out a prima facie case of age-based employment discrimination, because he has failed

to show that he suffered any adverse employment action. As such, defendant is entitled to summary judgment dismissing plaintiff's claim of age-based employment discrimination.

Plaintiff has failed to show that his "workplace was 'permeated with "discriminatory intimidation, ridicule and insult" that [was] "sufficiently severe or pervasive to alter the terms or conditions of [his] employment," ' " so as to make out a claim for hostile work environment (*Ferrer v New York State Div. of Human Rights*, 82 AD3d 431 [2011], quoting *Harris v Forklift Systems, Inc.*, 510 US 17, 21 [1993]). As noted, defendants have offered legitimate business reasons for each of the allegedly adverse actions complained of by plaintiff. Nor has plaintiff alleged that any of defendants' agents ever uttered any offensive or derogatory remark relating to his age. Under these circumstances, we find that plaintiff has failed to show that the actions he complains of "were anything more than isolated, occasional or benign" (*Ferrer*, 82 AD3d at 431).

We likewise find that plaintiff cannot show that he suffered an adverse employment action sufficient to support his claim for retaliation. In any event, even assuming a prima facie case of retaliation, defendants have proffered legitimate, nonpretextual reasons for their actions (*see Bendeck v NYU Hosps. Ctr.*, 77 AD3d 552, 553-554 [2010]; *Pace v Ogden Servs. Corp.*, 257 AD2d 101, 104 [1999]). Concur—Tom, J.P., Andrias, Catterson, Acosta and Manzanet-Daniels, JJ. [**Prior Case History: 31 Misc 3d 1206(A), 2011 NY Slip Op 50506(U).**]