Defendants met their burden of demonstrating plaintiffs failure to establish her claims of age discrimination, hostile work environment, constructive discharge, and retaliation (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305-306 [2004]).
In opposition, plaintiff failed to raise a triable issue of material fact. As to her age discrimination claim, there is no evidence that plaintiff suffered from an adverse employment action (see Forrest, 3 NY3d at 306-307). The assignment of plaintiff to certain nonsupervisory tasks ordinarily performed by teachers constituted “merely an alteration of her responsibilities and did not result in a ‘materially adverse change,’ since [she] retained the terms and conditions of her employment, and her salary remained the same” (Matter of Block v Gatling, 84 AD3d 445, 445 [1st Dept 2011], lv denied 17 NY3d 709 [2011], quoting Forrest, 3 NY3d at 306). Nor did the alleged disciplinary memos in her file, threats of unsatisfactory ratings, disciplinary meetings and allegations of corporal punishment constitute adverse employment actions. Plaintiff received “satisfactory end-of-year performance rating[s], and none of the [alleged] reprimands resulted in any reduction in pay or privileges” (Silvis v City of New York, 95 AD3d 665, 665 [1st Dept 2012]).
Plaintiff failed to raise a triable issue of fact as to her hostile *411 work environment claim, as the alleged conduct and insults by her employer and coworkers were not “sufficiently severe or pervasive to alter the conditions of [her] employment” (Ferrer v New York State Div. of Human Rights, 82 AD3d 431, 431 [1st Dept 2011], quoting Harris v Forklift Systems, Inc., 510 US 17, 21 [1993]).
The standard for establishing a claim of constructive discharge is “higher than the standard for establishing a hostile work environment” where, as here, the alleged constructive discharge stems from the alleged hostile work environment (Fincher v Depository Trust & Clearing Corp., 604 F3d 712, 725 [2d Cir 2010]). Accordingly, because plaintiff failed to raise a triable issue of fact as to her hostile work environment claim, “her claim of constructive discharge also fails” (id.).
With respect to plaintiffs retaliation claim, there is no evidence of an adverse employment action resulting from her filing of a notice of claim against defendants (see Mejia v Roosevelt Is. Med. Assoc., 95 AD3d 570, 573 [1st Dept 2012]). Nor is there any evidence of a causal connection between plaintiffs commencement of litigation and the allegedly adverse actions against her. Indeed, the conduct at issue began months before plaintiff filed the notice of claim (see Melman v Montefiore Med. Ctr., 98 AD3d 107, 129 [1st Dept 2012]). Concur — Saxe, J.P., Friedman, Acosta, Renwick and Freedman, JJ.