Judgment, Supreme Court, New York County (Manuel J. Mendez, J.), entered August 16, 2011, denying the petition to annul the determination of respondent New York State Division of Human Rights (DHR), dated January 28, 2011, which dismissed petitioner’s complaint against respondent D.E. Shaw & Co., L.P. (DESCO), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
DHR’s determination that there was no probable cause to find that DESCO engaged in unlawful discrimination against petitioner was rational and not arbitrary and capricious (see CPLR 7803 [3]). The record demonstrates that petitioner had a full and fair opportunity to present her case and that DHR’s investigation was neither abbreviated nor one-sided (see Matter of Block v Gatling, 84 AD3d 445 [1st Dept 2011], lv denied 17 NY3d 709 [2011]).
Petitioner was laid off by DESCO on June 9, 2009; she filed her administrative complaint with DHR on June 9, 2010. To the extent her claims are premised upon alleged adverse action by DESCO, that action must have occurred before June 9, 2009. Those claims therefore are untimely (see Executive Law § 297 [5]). To the extent petitioner’s retaliation claim is premised upon being laid off, that claim fails because the activity for which petitioner alleges she was retaliated against was not a protected activity (see Executive Law § 296 [7]; Forrest v Jewish Guild for the Blind, 3 NY3d 295, 312-313 [2004]; Asabor v Archdiocese of N.Y., 102 AD3d 524, 528 [1st Dept 2013]). Further, the alleged protected activity occurred nearly three years before petitioner was laid off and therefore was “not temporally proximate enough” to establish a causal connection to the layoff (see Baldwin v Cablevision Sys. Corp., 65 AD3d 961, 967 [1st Dept 2009], lv denied 14 NY3d 701 [2010]).
We have considered petitioner’s remaining contentions and *435 find them unavailing. Concur — Gonzalez, P.J., Sweeny, Richter and Clark, JJ.