■ DOLLY RAGOO, Appellant, v NEW YORK CITY TAXI AND LIMOUSINE COMMISSION et al., Respondents. [17 NYS3d 868]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered February 13, 2014, which granted defendants' motion for summary judgment dismissing the complaint asserting causes of action for retaliation and disability discrimination by failure to accommodate under the New York State Human Rights Law (State HRL), unanimously affirmed, without costs.

Plaintiff's transfer from defendant Taxi and Limousine Commission's (TLC) office in Manhattan, to its office in Long Island City, Queens, and corresponding reassignment from the position of administrative assistant to TLC's First Deputy Commissioner to administrative assistant to TLC's Chief Administrative Law Judge was not an adverse employment action under the State HRL (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 312-313 [2004]). Even assuming that the transfer and reassignment resulted in a change of plaintiff's duties, the transfer was at most "an alteration of her responsibilities, and not an adverse employment action" (*Silvis v City of New York*, 95 AD3d 665, 665 [1st Dept 2012] [internal quotation marks omitted], *lv denied* 20 NY3d 861 [2013]), as she "retained the terms and conditions of her employment, and her salary remained the same" (*Matter of Block v Gatling*, 84 AD3d 445, 445 [1st Dept 2011], *lv denied* 17 NY3d 709 [2011]).

Furthermore, assuming that plaintiff's medical condition constituted a "disability" for purposes of the State HRL (*see* Executive Law § 292 [21], [21-e]), denying her request to be assigned to a specific work location does not constitute a refusal to make a reasonable accommodation for her disability (*see Porter v City of New York*, 128 AD3d 448 [1st Dept 2015]). Concur—Sweeny, J.P., Renwick, Saxe and Gische, JJ.