■ Paul Krebaum, Appellant, v Capital One, N.A., et al., Respondents. [29 NYS3d 351]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered March 18, 2015, which granted defendants' motion for summary judgment dismissing plaintiff's complaint, unanimously modified, on the law, to deny the motion with respect to plaintiff's claims of age discrimination and retaliation under the New York State Human Rights Law (State HRL) and the New York City Human Rights Law (City HRL), and otherwise affirmed, without costs.

Upon review of the evidence in the light most favorable to plaintiff (see Udoh v Inwood Gardens, Inc., 70 AD3d 563, 565 [1st Dept 2010]), we find that plaintiff made a prima facie showing of age discrimination under both the State HRL and the City HRL and that he raised issues of fact as to whether defendants' purported reason for terminating his employment was false or pretextual (Bennett v Health Mgt. Sys., Inc., 92 AD3d 29, 43-44 [1st Dept 2011], lv denied 18 NY3d 811 [2012]; Ferrante v American Lung Assn., 90 NY2d 623, 629-631 [1997]). Plaintiff asserted that for five months before the termination of his employment, he endured repeated negative comments about his age from his manager. His coworker's affidavit supported his position. Moreover, after his discharge, plaintiff, 58 years old at the time of his termination, was allegedly replaced by a 25 year old. Taken together, the evidence supports an inference of age discrimination (see Viola v Philips Med. Sys. of N. Am., 42 F3d 712, 718 [2d Cir 1994]). Moreover, the evidence does not establish that plaintiff violated defendant Capital One's Code of Business Conduct and Ethics, and therefore issues of fact exist as to whether defendants' purported reason for terminating plaintiff's employment was false or pretextual. Accordingly, the motion court erred in granting defendants' motion for summary judgment dismissing plaintiff's age discrimination claims.

The motion court also erred in dismissing plaintiff's retaliation claim. The evidence showed that plaintiff engaged in a protected activity (namely, his complaint of age discrimination to human resources), that his employer was aware that he participated in such an activity, that plaintiff suffered an adverse employment action (that is, the termination of his employment), and that there is a causal connection between the protected activity and the adverse action (Bendeck v NYU Hosps. Ctr., 77 AD3d 552, 553 [1st Dept 2010]). The temporal

proximity of plaintiff's complaint and the termination of his employment one month later indirectly shows the requisite causal connection (*Cifra v General Elec. Co.*, 252 F3d 205, 217 [2d Cir 2001]). Moreover, as noted, issues of fact exist as to whether defendants' proffered explanation for plaintiff's termination was merely pretextual (*id.* at 216).

Plaintiff has abandoned his hostile work environment claim (*see McHale v Anthony*, 41 AD3d 265, 266-267 [1st Dept 2007]). Concur—Mazzarelli, J.P., Acosta, Moskowitz, Gische and Webber, JJ. 