■ FRIDREY O. UWOGHIREN, Appellant, v CITY OF NEW YORK et al., Respondents. [49 NYS3d 117]—

Order, Supreme Court, New York County (Frank P. Nervo, J.), entered June 2, 2015, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff alleges that his former employer, defendant New York City Department of Juvenile Justice (DJJ), discriminated against him on the basis of his national origin (Nigeria) by failing to select him for two promotions and by paying him less than it paid a peer of a different national origin.

Plaintiff established prima facie that he was passed over for promotion under circumstances raising an inference of discrimination. Defendants then offered legitimate, nondiscriminatory reasons for promoting two employees who were not of Nigerian origin (see Hudson v Merrill Lynch & Co., Inc., 138 AD3d 511, 514 [1st Dept 2016], lv denied 28 NY3d 902 [2016]). Decisionmakers at DJJ testified to the effect that plaintiff limited his work to fulfilling the minimal requirements of his job, that he sometimes balked at assignments without good reason, and that he failed to meet all of his goals. Defendants demonstrated in contrast that the promoted employees had done outstanding work in positions relevant to the two vacancies at issue.

Plaintiff failed to raise triable issues of fact as to whether defendants' proffered reasons for these decisions were pretextual or incomplete, given the absence of any evidence from which a reasonable jury could infer that his national origin played a role in defendants' decision to pass him over for promotions (see Bennett v Health Mgt. Sys., Inc., 92 AD3d 29, 45 [1st Dept 2011], lv denied 18 NY3d 811 [2012]; Baldwin v

*Cablevision Sys. Corp.*, 65 AD3d 961, 966 [1st Dept 2009], *lv denied* 14 NY3d 701 [2010]). Plaintiff admittedly never complained about the promotion process before commencing this action, and there is no indication that he raised any internal complaints of discrimination (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 309 [2004]). Even if the promotions contravened Civil Service Rules and Regulations § 3.3 (a) because the promoted individuals were provisional rather than permanent employees, this technical violation does not establish a discriminatory motive. Plaintiff's other claims that the promotions violated policies and regulations are unsupported. His testimony that the promoted employees were appointed based on friendship with the decision-makers is unavailing (*see Tomizawa v ADT LLC*, 2015 WL 5772106, \*22, 2015 US Dist LEXIS 133649, \*42 [ED NY, Sept. 29, 2015, No. 13-CV-6366 (MKB)(LB)]).

DJJ.'s failure to advertise the positions "does not give rise to an inference of discrimination," but "merely relieves . . . plaintiff of [his] burden to show that [he] applied for the position[s]" (*Giannone v Deutsche Bank Sec., Inc.*, 392 F Supp 2d 576, 590 [SD NY 2005]).

Plaintiff's deposition testimony recounting two occasions when one of the decision-makers allegedly shouted admonitions at him or another employee of Nigerian origin does not establish discrimination based on national origin (*see Forrest*, 3 NY3d at 309 ["mere personality conflicts must not be mistaken for unlawful discrimination, lest the antidiscrimination laws become a general civility code" (internal quotation marks omitted)]; *see also Melman v Montefiore Med. Ctr.*, 98 AD3d 107, 125 [1st Dept 2012]).

Finally, plaintiff failed to make a prima facie showing in support of his claim that he was paid less than a peer of another national origin. Although both he and the other employee had the same civil service title, they were not similarly situated in light of the differences in their experience (*see Loucar v Boston Mkt. Corp.*, 294 F Supp 2d 472, 479 [SD NY 2003]), the other employee's earlier salary (*see Kent v Papert Cos.*, 309 AD2d 234, 244 [1st Dept 2003]), and their differing job responsibilities. Concur—Richter, J.P., Manzanet-Daniels, Gische, Webber and Kahn, JJ.