Smith v Federal Defenders of N.Y., Inc. (2018 NY Slip Op 03455)





Smith v Federal Defenders of N.Y., Inc.


2018 NY Slip Op 03455


Decided on May 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 10, 2018

Friedman, J.P., Tom, Kapnick, Kahn, Kern, JJ.


6532 152449/14

[*1]Martin Smith, Plaintiff-Appellant,
v
Federal Defenders of New York, Inc., et al., Defendants-Respondents.


Rasco, Klock, Perez & Nieto LLC, New York (Blaine H. Bortnick of counsel), for appellant.
Seyfarth Shaw LLP, New York (Stacey Bentley of counsel), for respondents.



Order, Supreme Court, New York County (Joan M. Kenney, J.), entered March 7, 2017, which granted defendants' motion for summary judgment dismissing the complaint alleging age discrimination and retaliation under the New York City Human Rights Law (City HRL), unanimously affirmed, without costs.
The motion court correctly granted summary judgment dismissing the complaint. Plaintiff, who was 81 years old when terminated, failed to raise an issue of fact whether defendants' reasons for terminating his employment were pretextual (see Melman v Montefiore Med. Ctr., 98 AD3d 107,113-114[1st Dept, 2012].
Defendants demonstrated legitimate, nondiscriminatory reasons for their decision. Specifically, in mid-2013, as they awaited the budget for fiscal year 2014, defendant Federal Defenders of New York, Inc. (FDNY), was facing a fiscal crisis and budget cuts. Having already employed furloughs and layoffs of attorneys and non-attorney staff, but having not yet made cuts in the administrative staff, defendant David Patton, FDNY's Executive Director (who was in his 40's), terminated plaintiff's position. Patton explained that he had chosen plaintiff because other administrators were office managers who were crucial to the operation of branch offices. Patton felt the FDNY could get by with only administrative assistant Mao or administration officer plaintiff, and he chose Mao because she was faster and more efficient at giving him information he needed, and because the Office of Defender Services had, during an assessment of FDNY's operations in 2011, told Patton that it was very impressed" with Mao, and had not said the same of plaintiff.
Reductions in work force for economic reasons are a legitimate nondiscriminatory basis for termination of employment (Hudson v Merrill Lynch & Co., Inc., 138 AD3d 511, 516-517 [1st Dept 2016], lv denied 28 NY3d 902 [2016]; Bailey, 38 AD3d at 124).
Plaintiff argues that he was terminated prematurely, before Patton even knew the 2014 fiscal year budget, but it suffices that defendants had a good faith belief that FDNY's funding would be reduced, and that personnel action was required (see Kaiser v Raoul's Rest. Corp., 112 AD3d 426 [1st Dept 2013]). It should be noted that one of the other men terminated at about that time was age 41, the junior-most employee in the IT department. However, the approximately 70-employee FDNY opted to retain at least ten other FDNY employees age 60 and older amidst the layoffs and uncertain budget.
Plaintiff did not raise a triable issue, under the City HRL's "mixed motive standard" (Hudson, 138 AD3d at 514; Williams v New York City Hous. Auth., 61 AD3d 62 [1st Dept 2009], lv denied 13 NY3d 702 [2009]; see Administrative Code § 8-130), whether defendants acted with an age discriminatory motive in concluding that Mao was better suited to remain as the sole branch manager or in terminating plaintiff.
Finally, the motion court properly dismissed plaintiff's retaliation claim (Forrest v Jewish Guild for the Blind, 3 NY3d 295, 312-313 [2004]; Fletcher v Dakota, Inc., 99 AD3d 43, 51 [1st [*2]Dept 2012]; Administrative Code of City of NY § 8-107[7]). One month before plaintiff's departure, after he was told that he was fired, and after he had retained counsel, Patton emailed FDNY staff advising them to preserve any documents relevant to plaintiff's employment because he had alleged age discrimination, a claim Patton described as "entirely without merit."
However, the email was merely in direct response to plaintiff's counsel's request that FDNY place a "litigation hold" on any relevant documents. Moreover, even if Patton commented on the lawsuit, plaintiff failed to raise any triable issue whether such a comment amounts to an adverse employment action, i.e., "a materially adverse change in the terms and conditions of employment" (Messinger v Girl Scouts of U.S.A., 16 AD3d 314, 314—315 [1st Dept 2005]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 10, 2018
CLERK