Miller v News Am. (2018 NY Slip Op 03946)





Miller v News Am.


2018 NY Slip Op 03946


Decided on June 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2018

Friedman, J.P., Sweeny, Gische, Mazzarelli, Gesmer, JJ.


6780 156110/12

[*1]Neil Miller, Plaintiff-Appellant,
v
News American also known as The N.Y. Post, Defendant-Respondent.


Neil Miller, appellant pro se.
Mintz & Gold LLP, New York (Steven G. Mintz of cousnel), for respondent.



Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered January 6, 2016, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the age discrimination and retaliation claims under the State and City Human Rights Laws, unanimously affirmed, without costs.
Plaintiff minimally established a prima facie case of age discrimination by demonstrating that he was a member of a protected class, that he was qualified to work as a freelance sports photographer, and that defendant reduced the number of assignments it offered him under circumstances giving rise to a an inference of age discrimination (see Executive Law § 296[1][a]; Stephenson v Hotel Empls. & Rest. Empls. Union Local 100 of AFL-CIO, 6 NY3d 265, 270 [2006]; see Administrative Code of City of NY § 8-107[1][a]; Hudson v Merrill Lynch & Co., Inc., 138 AD3d 511, 514 [1st Dept 2016], lv denied 28 NY3d 902 [2016]).
To rebut this prima facie case, defendant established a legitimate, nondiscriminatory reason for reducing the number of assignments it offered plaintiff (see Stephenson, 6 NY3d at 270-271; Hudson, 138 AD3d at 514). The managing editor testified about his longstanding, documented dissatisfaction with the quality of plaintiff's work and plaintiff's lack of professionalism, which he discussed with plaintiff on several occasions. Plaintiff concedes that the number of his assignments was decreased after July 2010, when he abandoned a critical assignment. Defendant also demonstrated that it employed other freelance sports photographers who were as old as, and older than, plaintiff and that these photographers did not suffer a reduction in the number of assignments they were offered.
Plaintiff failed to raise an issue of fact as to whether defendant's stated reasons for reducing the number of assignments it offered him were pretextual (Stephenson, 6 NY3d at 271) or whether discrimination was one of the motivating factors for the adverse employment action (Hudson, 138 AD3d at 514-515). Indeed, plaintiff testified that no manager, supervisor or anyone responsible for job assignments had ever made a derogatory comment about his age. In addition, he had considerable difficulty recollecting the July 28, 2010 conversation in which, the complaint alleges, an employee of defendant, who, in any event was not responsible for assigning freelance projects, suggested that plaintiff was getting too old to do his job.
Similarly, while plaintiff minimally established a prima case of retaliation (Executive Law § 296[7]; Administrative Code § 8-107[7]), defendant demonstrated a nondiscriminatory or nonretaliatory reason for decreasing the number of assignments it offered to him, and plaintiff failed to raise an inference as to a causal connection between his protected activity and defendant's adverse action (see Albunio v City of New York City, 16 NY3d 472, 478-479 [2011]; cf. Krebaum v Capital One, N.A., 138 AD3d 528, 528-529 [1st Dept 2016] ["The temporal proximity of plaintiff's complaint and the termination of his employment one month later indirectly shows the requisite causal connection"]).
We do not address the issue whether plaintiff, a freelance photographer, may be considered an employee of defendant under either the State or the City Human Rights Law.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 5, 2018
CLERK