Cook v EmblemHealth Servs. Co., LLC (2018 NY Slip Op 08433)





Cook v EmblemHealth Servs. Co., LLC


2018 NY Slip Op 08433


Decided on December 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2018

Sweeny, J.P., Renwick, Mazzarelli, Oing, Moulton, JJ.


7838 150911/13

[*1]Michael Cook, Plaintiff-Respondent,
v
EmblemHealth Services Company, LLC, et al., Defendants-Appellants, Laura Albert, Defendant.


Cozen O'Connor, New York (Michael C. Schmidt of counsel), for appellants.
Ziegler, Ziegler & Associates LLP, New York (Christopher Brennan of counsel), for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about March 20, 2018, which, insofar as appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the cause of action for retaliation under the New York City Human Rights Law as against EmblemHealth Services Company, LLC, and Benjamin Nodar, unanimously affirmed.
The temporal proximity between plaintiff's complaints to his employer that he was subjected to racial stereotyping and discrimination and the termination of his employment in close succession to his last complaint is sufficient to raise an inference of a causal connection between plaintiff's protected activity and the disadvantaging employment action taken against him (see Harrington v City of New York, 157 AD3d 582, 585-586 [1st Dept 2018]; Krebaum v Capital One, N.A., 138 AD3d 528, 528-529 [1st Dept 2016]; Administrative Code of City of NY § 8-107[7]). Viewed in the light most favorable to plaintiff, the record provides additional support for an inference of retaliation in the fact that defendants never investigated, or even acknowledged, plaintiff's final complaint and the fact that plaintiff was terminated for conduct comparable to his supervisee's conduct, for which the supervisee only received a mild reprimand.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 11, 2018
CLERK