Cubelo v City of New York (2019 NY Slip Op 00689)





Cubelo v City of New York


2019 NY Slip Op 00689


Decided on January 31, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2019

Renwick, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


8288 113675/07

[*1]José Cubelo, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.


Kaiser Saurborn & Mair, P.C., New York (Henry L. Saurborn, Jr. of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Barbara Graves-Poller of counsel), for respondents.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered June 9, 2017, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff claims that he was passed over for several promotions in his employment as a civil engineer with defendant Department of Transportation (DOT) because DOT gave persons of South Asian descent preference in promotions (plaintiff was born in Spain), and that, after he filed his discrimination complaints and a union grievance, DOT retaliated against him by transferring him to a lesser position, in violation of the State and City Human Rights Laws (HRL) (Executive Law § 296; Administrative Code of City of NY § 8-107).
Defendants established prima facie that DOT had "legitimate, independent, and nondiscriminatory reasons" for taking the actions over which plaintiff sues (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305 [2004]; Hudson v Merrill Lynch & Co., Inc., 138 AD3d 511, 514-515 [1st Dept 2016]). The record supports their explanation that the candidates selected for promotion over plaintiff were better qualified for the job, having advanced degrees and directly relevant experience that plaintiff did not possess. Plaintiff contends that these candidates were actually promoted as a result of preferential treatment toward employees of South Asian descent, but he submitted no evidence that in making these decisions his supervisors took into account the fact that he is not of South Asian descent. Indeed, plaintiff's contention that the real reason for the decisions was discrimination is undermined by the fact that a woman of Polish descent was ultimately hired to occupy one of the four positions for which he applied. Defendants also submitted evidence that plaintiff declined to pursue promotional opportunities and evidence that he had serious conflicts with two employees under his supervision, leading to their transfer out of his unit. It may reasonably be inferred that the latter limited plaintiff's suitability for those jobs that entailed supervision. In opposition, plaintiff failed to raise an issue of fact whether DOT's proffered reasons were false and a pretext for, or motivated at least in part by, discrimination (see Forrest, 3 NY3d at 305; Hudson, 138 AD3d at 514-515).
Defendants also established prima facie that plaintiff's departmental transfer was not made in retaliation for his complaints of discrimination, because it did not constitute an "adverse employment action" (see Forrest, 3 NY3d at 306, 327) or an "action that disadvantaged him" (see Harrington v City of New York, 157 AD3d 582, 585 [1st Dept 2018]). Plaintiff had filed a grievance with his union about performing out-of-title work in his former position. His transfer was directed as a remedy for the grievance, and plaintiff continued to earn the same salary and benefits under the same title in his new position (see Matter of Block v Gatling, 84 AD3d 445 [1st Dept 2011], lv denied 17 NY3d 709 [2011]). Plaintiff's perception that the transfer was a demotion fails to raise an issue of fact.
In light of the foregoing, we need not reach defendants' alternative argument for affirmance.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 31, 2019
DEPUTY CLERK