Pelepelin v City of New York (2020 NY Slip Op 07291)





Pelepelin v City of New York


2020 NY Slip Op 07291


Decided on December 03, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 03, 2020

Before: Renwick, J.P., Manzanet-Daniels, Mazzarelli, Singh, Scarpulla, JJ. 


Index No. 154246/18 Appeal No. 12535 Case No. 2019-5743 

[*1]Alex Pelepelin, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents.


Ballon Stoll Bader & Nadler, P.C., New York (Marshall B. Bellovin of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Zachary S. Shapiro of counsel), for respondents.



Order, Supreme Court, New York County (Julio Rodriguez, III, J.), entered July 1, 2019, which granted defendants' CPLR 3211(a) motion to dismiss the first amended complaint, unanimously modified, on the law, to deny the motion as to the first amended complaint's causes of action for failure to promote under the New York State and City Human Rights Laws (HRLs) and retaliation under the City HRL, and otherwise affirmed, without costs.
Born in Russia in 1967, plaintiff was a detective with over 20 years of experience, assigned in 2014 to the New York City Police Department's Executive Protection Unit. Plaintiff alleges that, on account of his age and national origin, he was subjected to a series of [*2]assignments to less prestigious positions, amounting to functional demotion and undermining his promotion prospects, culminating with assignment to uniformed guard duty at the gates of City Hall.
Plaintiff's allegations in support of his causes of action for employment discrimination under the State and City HRLs fail to adequately plead that the alleged adverse or disadvantageous employment actions were made under circumstances supporting an inference of discrimination (see Matter of Local 621 v New York City Dept. of Transp., 178 AD3d 78, 81 [1st Dept 2019], lv dismissed 35 NY3d 1106 [2020]; Harrington v City of New York, 157 AD3d 582, 584 [1st Dept 2018]). Plaintiff alleges that defendants made "derogatory comments" to him. The only derogatory remarks identified by plaintiff, however (for instance, that he was "too intimidating for the Mayor's family"), do not evince any ageist or anti-Russian bias (see Matter of Tenenbein v New York City Dept. of Educ., 178 AD3d 510, 511 [1st Dept 2019]; Serdans v New York & Presbyt. Hosp., 112 AD3d 449, 450 [1st Dept 2013]).
Plaintiff's allegation that other, younger, non-Russian detectives did not receive similarly unfavorable assignments is similarly unavailing. Plaintiff alleges that he was the only Russian officer in the EPU. Hence, without some other evidence of anti-Russian bias, it is unreasonable to infer that any actions taken against him were motivated by discriminatory animus, since, by definition, he will always be the only Russian impacted by any employment action directed at him. Nor do plaintiff's bare allegations that younger officers did not receive disadvantageous assignments suffice to support an inference of age-related bias (see Massaro v Department of Educ. of the City of N.Y., 121 AD3d 569, 570 [1st Dept 2014], lv denied 26 NY3d 903 [2015]; Askin v Department of Educ. of City of N.Y., 110 AD3d 621, 622 [1st Dept 2013]). In fact, plaintiff does not allege that no younger officer received similarly disadvantageous assignments. Accordingly, plaintiff has failed to plead a claim for employment discrimination under the State or City HRLs.
The lack of discriminatory animus is likewise fatal to plaintiffs causes of action for hostile work environment (see Llanos v City of New York, 129 AD3d 620, 620 [1st Dept 2015]; Askin, 110 AD3d at 622).
In support of his causes of action for failure to promote, plaintiff alleges that two non-Russian, younger, and less qualified detectives — whom he specifically names — were promoted ahead of him, while he remains unpromoted. While plaintiff does not in the complaint flesh out some details which will be material — such as the precise age of the detectives promoted ahead of him — that does not vitiate his pleading. Plaintiff has amply met his pleading burden by naming as a comparator a specific individual whose details can be particularly verified during discovery. Nor was it necessary for plaintiff to allege that he applied for promotion (see Mejia v Roosevelt Is. Med. Assoc., 95 AD3d 570, 572 [1st Dept 2012], lv dismissed 20 NY3d 1045 [2013]), since he has alleged that promotions were typically made unannounced and unsolicited (see Uwoghiren v City of New York, 148 AD3d 457, 458 [1st Dept 2017]). Accordingly, plaintiff has stated claims for failure to promote under the State and City HRLs (see Petrosino v Bell Atl., 385 F3d 210, 226 [2d Cir 2004]; Leader v City of New York, 2020 NY Slip Op 30807[U], at 19-20 [Sup Ct, NY County 2020]).
In support of his causes of action for retaliation under the State and City HRLs, plaintiff alleges that, in October 2016, he emailed defendant Inspector Howard Redmond to complain that a younger, non-Russian, less senior, and less qualified, detective (whom plaintiff names in the complaint), had been promoted ahead of him. Inspector Redmond responded by having plaintiff, [*3]a detective with over 20 years of plainclothes experience, assigned to uniformed guard duty at the gates of City Hall.
The reassignment to guard duty, without any change in pay, did not by itself constitute an adverse employment action for purposes of the State HRL (see Ragoo v New York City Taxi & Limousine Commn., 132 AD3d 562, 562 [1st Dept 2015]; Gaffney v City of New York, 101 AD3d 410, 411 [1st Dept 2012], lv denied 21 NY3d 858 [2013]. It did, however, constitute a disadvantageous action for purposes of the City HRL. Plaintiff's email to Redmond constituted a protected activity, and a causal connection can be inferred from close temporal proximity of the immediate reassignment (see Krebaum v Capital One, N.A., 138 AD3d 528, 528-529 [1st Dept 2016]). Plaintiff has accordingly adequately pled a claim for retaliation under the City HRL (see Harrington, 157 AD3d at 585; Fletcher v The Dakota, Inc., 99 AD3d 43, 51-52 [1st Dept 2012]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2020