Matter of Lin v New York City Dept. of Educ. (2021 NY Slip Op 00627)





Matter of Lin v New York City Dept. of Educ.


2021 NY Slip Op 00627


Decided on February 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 04, 2021

Before: Kapnick, J.P., Mazzarelli, Moulton, Shulman, JJ. 


Index No. 101166/13 Appeal No. 13028 Case No. 2020-02990 

[*1]In the Matter of Ivy H. Lin, Petitioner-Appellant-Respondent,
v
New York City Department of Education, et al., Respondents-Respondents-Appellants.


Fong S. Lin, Queens, for appellant-respondent.
James E. Johnson, Corporation Counsel, New York (Nwamaka Ejebe of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered January 2, 2020, which, in this hybrid CPLR article 78/plenary action, denied petitioner's motion for summary judgment and granted respondents' motion for summary judgment to the extent of dismissing petitioner's third cause of action under Education Law § 3020-a and petitioner's second cause of action for violation of Civil Service (CSL) § 75-b as against the individual respondents, unanimously modified, on the law, to the extent of granting respondents' motion in its entirety, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.
Petitioner was a probationary teacher at New Utrecht High School (NUHS) during the 2012-2013 school year. In January 2013, while monitoring hallways during an administration of a Regents Exam, petitioner observed a teacher providing unauthorized assistance to a student. Petitioner contends that she immediately reported the incident. Respondents contest this. It is undisputed that petitioner first put her allegations in writing in a letter dated April 19, 2013. Between March and June, 2013, petitioner received four unsatisfactory lesson observation reports and two letters of misconduct. Petitioner ultimately received an unsatisfactory rating (U-rating) for the school year. Respondent Department of Education denied petitioner a certificate of completion of probation and terminated her employment. Petitioner's administrative appeal was denied by a divided panel.
Petitioner argues that she was entitled to a disciplinary hearing pursuant to Education Law § 3020-a and Article 21, § D(2), of the governing collective bargaining agreement (CBA). Section D(2) provides, "Teachers on probation who have completed at least three years of service on regular appointment in the school shall be entitled, with respect to the discontinuance of their probationary service, to the same review procedures as are established for tenured teachers under" Education Law § 3020-a. Petitioner's argument is unavailing.
The CBA is a contract which will be "enforced according to the plain meaning of its terms" (Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). Petitioner's right to review under Section D(2) hinges on the phrase "three years of service on regular appointment in the school." While petitioner had a total of six years of probationary service in four different schools, the relevant phrase refers to "school" in the singular. Petitioner spent two years at two of the four schools she taught at, but never three years at any one school, and not three years at NUHS. Accordingly, petitioner is ineligible for review under Section D(2) on its face.
In her first cause of action, petitioner seeks review, via CPLR article 78, of the unsatisfactory observation reports and the U-rating for the year, as well as the discontinuance of her probation and termination. Petitioner contends that these actions were unlawful and done in [*2]bad faith in retaliation for her report of her colleague's misconduct during the Regents Exam. Respondents counter that petitioner has failed to establish that they acted in bad faith. Respondents' contentions have merit and warrant dismissal of the first cause of action.
Respondents' decision to discontinue petitioner's probation and terminate her employment was based on the annual U-rating, which in turn was based on four unsatisfactory observation reports and two misconduct letters. These provide ample evidence to support the conclusion that petitioner's performance was unsatisfactory, and thereby establish, for purposes of petitioner's cause of action for CPLR article 78 review, that the termination was done in good faith (see Matter of Johnson v Katz, 68 NY2d 649, 650 [1986]; Matter of Brown v Board of Educ. of the City Sch. Dist. of the City of N.Y., 156 AD3d 451, 452 [1st Dept 2017]).
To the extent that petitioner seeks to annul the U-rating and unsatisfactory observation reports as pretexts for a retaliatory discharge, this effort is also unavailing. The U-rating was supported by the observation reports and misconduct letters, each of which recited first-hand observations made by the Assistant Principal and Principal. These observations were consistent with certain comments concerning petitioner's in class performance in evaluations at her prior high schools. Petitioner failed to demonstrate that these observations were made in bad faith. To the extent that petitioner challenges the various unsatisfactory reports as arbitrary and capricious, this challenge also fails for the same reasons, as the unsatisfactory reports are rationally based in the record (see Matter of Murnane v Department of Educ. of the City of N.Y., 82 AD3d 576 [1st Dept 2011]; Matter of Andersen v Klein, 50 AD3d 296 [1st Dept 2008]).
Moreover, respondents' failure to strictly adhere to review procedures — in particular, the Assistant Principal's failure to provide petitioner with some pre-observation conferences — does not change the outcome. Petitioner received post-observation conferences and repeated guidance and assistance from the Assistant Principal, including opportunities to observe and learn from other teachers. "While petitioner complains that [she] did not receive pre-observation conferences prior to every classroom observation, [she] has not demonstrated that the U-rating was made in violation of lawful procedure or any substantial right" (Matter of Cohn v Board of Educ. of the City Sch. Dist. of the City of N.Y., 102 AD3d 586, 587 [1st Dept 2013]).
The substance of petitioner's argument in support of her second cause of action under Civil Service Law § 75-b is substantially similar to her argument on her article 78 cause of action. To make out a prima facie case for violation of section 75-b, a plaintiff must establish "(1) an adverse personnel action; (2) disclosure of information to a governmental body [regarding an improper governmental action], and[*3](3) a causal connection between the disclosure and the adverse personnel action" (Payson v Board of Educ. of Mt. Pleasant Cottage Sch., USFD, 2017 WL 4221455, *26, 2017 US Dist LEXIS 154296, *85 [SD NY 2017] [internal quotation marks omitted]). Petitioner makes a prima facie showing with respect to these elements. Petitioner received numerous adverse employment actions in the form of unsatisfactory reports and ultimately loss of license and termination. She disclosed what appeared to be an illegal action by a fellow teacher. Finally, the temporal connection between petitioner's alleged reporting of the January 23, 2013 incident, and the negative employment actions she suffered beginning in early March, suffices to establish her prima facie case on causation (see id.; see also e.g. Krebaum v Capital One, N.A., 138 AD3d 528, 528-29 [1st Dept 2016]).
However, an agency may nonetheless take an adverse employment action under Civil Service Law § 75-b, so long as it would have taken the action "regardless of any disclosure of information" (Civil Service Law § 75-b[4]). In other words, the public employer may take adverse action against the employee provided the employer has an "independent basis" for the action (Matter of Tenenbein v New York City Dept. of Educ., 178 AD3d 510, 510-511 [1st Dept 2019]; see Roens v New York City Tr. Auth., 202 AD2d 274, 275 [1st Dept 1994]). Here, as discussed, respondents had ample independent bases for their actions against petitioner, in the form of the well-documented unsatisfactory reports and a corresponding U-rating for the year. Nor is there any evidence that respondents' actions were pretexts for retaliation, or that respondents would not have taken the same actions against petitioner had she not reported the alleged teacher misconduct (see e.g. Uwoghiren v City of New York, 148 AD3d 457, 458 [1st Dept 2017]). Accordingly, plaintiff's second cause of action for violation of Civil Service Law § 75-b is dismissed. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2021