Cancel v Global Fertility & Genetics, Inc. (2022 NY Slip Op 00811)





Cancel v Global Fertility & Genetics, Inc.


2022 NY Slip Op 00811


Decided on February 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 08, 2022

Before: Renwick, J.P., Mazzarelli, Friedman, Singh, Pitt, JJ. 


Index No. 152435/18 Appeal No. 15248 Case No. 2021-00058 

[*1]Alexis Cancel, Plaintiff-Appellant,
v
Global Fertility and Genetics, Inc., et al., Defendants-Respondents.


Norman A. Olch, New York, for appellant.
Kranjac Tripodi & Partners LLP, New York (Joseph Tripodi of counsel), for respondents.



Order, Supreme Court, New York County (Alan C. Martin, J.), entered December 4, 2020, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiff's causes of action for retaliation under the New York State Human Rights Law (State HRL) and the New York City Humans Rights Law (City HRL), unanimously reversed, on the law, without costs, and the retaliation claims reinstated.
Plaintiff, an African American female, raises triable issues of fact whether her October 2017 termination (adverse employment action) was in retaliation for her verbal complaints (protected activity) concerning racist comments defendant Annie Liu allegedly uttered at work (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 312-313 [2004] [State HRL prongs for retaliation]; Harrington v City of New York, 157 AD3d 582, 585 [1st Dept 2018] [City HRL test]). A question of fact exists as to whether plaintiff complained in July or August 2017. If plaintiff's testimony is credited, the time frame between the discriminatory comments, plaintiff's complaints, and her firing is evidence of a causal connection between the protected activity and her termination two months later (see Krebaum v Capital One., N.A., 138 AD3d 528, 528-529 [1st Dept 2016]). Contrary to defendants' argument, it is unclear from the record whether an intervening event occurred to dispel an inference of a causal relationship. Moreover, issues of fact also exist as to whether defendants' proffered explanation for terminating plaintiff's employment was pretextual (see id.).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 8, 2022