Pastor v August Aichhorn Ctr. for Adolescent Residential Care, Inc. (2025 NY Slip Op 03165)

Pastor v August Aichhorn Ctr. for Adolescent Residential Care, Inc.

2025 NY Slip Op 03165

Decided on May 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 27, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Kapnick, Mendez, Shulman, JJ. 

Index No. 154065/21|Appeal No. 4436|Case No. 2024-04502|

[*1]Elizabeth Pastor, Plaintiff-Appellant,
v
The August Aichhorn Center for Adolescent Residential Care, Inc. et al., Defendants-Respondents.

Michael G. O'Neill, New York, for appellant.
Kaufman Borgeest & Ryan LLP, New York (Brennan P. Breeland of counsel), for respondents.

Order, Supreme Court, New York County (Leslie A. Stroth, J.), entered July 3, 2024, which granted defendants' motion for summary judgment dismissing the complaint alleging discrimination under the New York State and New York City Human Rights Laws, unanimously affirmed, without costs.
Supreme Court properly concluded that plaintiff Elizabeth Pastor's discrimination claims under both the State and City Human Rights Laws failed because she did not suffer an adverse employment action, nor was she treated differently on account of her race (see Hamburg v New York Univ. Sch. of Medicine, 155 AD3d 66, 73-74 [1st Dept 2017]). An adverse employment action requires a materially adverse change in the terms and conditions of employment (see Messinger v Girl Scouts of U.S.A., 16 AD3d 314, 314-315 [1st Dept 2005]). Pastor does not dispute that her title, salary, and duties remained the same after the transfer to the Child Center of New York (see Ragoo v New York City Taxi & Limousine Commn., 132 AD3d 562, 562 [1st Dept 2015]). While Pastor argues that the alleged two-month delay between The August Aichhorn Center for Adolescent Residential Care, Inc. ceasing operations and her start at the Child Center constitutes an adverse action, there is no evidence in the record linking this delay to Aichhorn. In fact, Aichhorn submitted evidence showing that Pastor completed the onboarding tax withholding paperwork with the Child Center on August 21, 2020. Pastor failed to explain what occurred between August 15, 2020, the date the Child Center took over operations, and October 12, 2020, the date Pastor was hired by the Child Center. Nor did Pastor explain why she believed Aichhorn—no longer her employer as of August 15, 2020—was responsible for the delay. Similarly, Pastor failed to submit any evidence to demonstrate that she was treated differently on the basis of her race and ethnicity, at either Aichhorn or in the transition to the Child Center. While she claims that she was singled out because of her race, every Aichhorn employee who wished to transfer was able to do so.
Even if Pastor had established a prima facie case of discrimination, defendants demonstrated a legitimate, nondiscriminatory reason for the delay in her transfer to the Child Center (see Hudson v Merrill Lynch & Co., Inc., 138 AD3d 511, 514-515 [1st Dept 2016], lv denied 28 NY3d 902 [2016]).). The record reflects that on August 10, 2020, the Child Center Human Resources department emailed Pastor about a scheduled fingerprinting appointment and subsequently followed up with her on August 14, 2020. Pastor acknowledged missing the appointment. By the time Pastor completed her fingerprinting on August 18, 2020, Aichhorn had officially ceased operating the Brooklyn location.
In opposition, Pastor fails to raise an issue of fact as to whether the reason for the delay in her transfer was a pretext for discrimination based on her race (see Hudson, 138 AD3d at 515-516). Pastor's contention that all other [*2]employees were able to get fingerprinted in June 2020 is not supported by the record. Furthermore, Pastor fails to explain what role Aichhorn could have played in the delay, given that, as of August 15, 2020, the matter was solely within the purview of the Child Center's HR department.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 27, 2025