Altidor v Medical Knowledge Group LLC (2026 NY Slip Op 00870)

Altidor v Medical Knowledge Group LLC

2026 NY Slip Op 00870

Decided on February 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 17, 2026

Before: Manzanet-Daniels, J.P., González, Shulman, Pitt-Burke, Chan, JJ. 

Index No. 655007/23|Appeal No. 5772|Case No. 2025-01947|

[*1]Kenrick Altidor, Plaintiff-Appellant,
vMedical Knowledge Group LLC, Defendant-Respondent.

Margaret McIntyre, Attorney at Law, Syracuse (Margaret McIntyre of counsel), for appellant.
Epstein Becker & Green, P.C., New York (Diana Costantino Gomprecht of counsel), for respondent.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about February 24, 2025, which, to the extent appealed from, granted defendant's motion to dismiss plaintiff's claims of discriminatory non-promotion and termination under the New York State Human Rights Law (State HRL) and the New York City Human Rights Law (City HRL), unanimously reversed, on the law, without costs, defendant's motion denied as to plaintiff's claims of discriminatory termination and discriminatory non-promotion under the State HRL and City HRL, and those claims reinstated.
Plaintiff's allegation that he, an African American, was terminated from his job by defendant, his employer, after making one mistake while two of his white coworkers who made similar mistakes were neither reprimanded nor terminated was sufficient to state a claim for discriminatory termination under the broad protections of the State and City HRLs (see e.g. Serrano v City of New York, 226 AD3d 575 [1st Dept 2024]; Vig v New York Hairspray Co., LP, 67 AD3d 140 [1st Dept 2009]). Plaintiff specifically alleged that one of the white coworkers was an IT Help Desk Technician, the same position he held, and that the coworker performed substantially similar work under similar working conditions. He further alleged that he helped fix some of the mistakes that this coworker had made in the past. These allegations were sufficient at the pleading stage (see Pelepelin v City of New York, 189 AD3d 450, 452 [1st Dept 2020]).
In support of his cause of action for failure to promote, plaintiff alleges that his coworker was promoted to a job that he was already performing, and that the position was not posted prior to it being filled. These allegations are sufficient to meet plaintiff's pleading burden as this Court has previously held that it is unnecessary for a plaintiff to allege that he applied for a promotion where he has alleged that promotions were typically made unannounced and unsolicited (id.) or where defendant failed to advertise the position (Uwoghiren v City of New York, 148 AD3d 457, 458 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2026