■ CEDRICK KALIL, Respondent, v KONSTANTINOS ZISSIS, Defendant, and NOR-CREST SERVICE STATION, INC., Appellant. [721 NYS2d 389] —In an action to recover damages for personal injuries, the defendant Nor-Crest Service Station, Inc., appeals from an order of the Supreme Court, Queens County (Milano, J.), dated January 31, 2000, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The appellant is a service station owned by Nor-Group Service Station, Inc. (hereinafter Nor-Group). The defendant Konstantinos Zissis is an employee of the appellant and the plaintiff was an employee of another service station owned by Nor-Group. On September 21, 1995, the plaintiff was injured at his workplace as a result of an encounter with the defendant Zissis. In his complaint, the plaintiff alleged that his injuries were caused by Zissis and that the appellant, as the employer of Zissis, was liable under the doctrine of respondeat superior.

In an affidavit dated October 14, 1999, Milton Rios, who was the supervisor of Zissis on the day of the incident, stated that Zissis was never directed to visit the plaintiff's workplace. This evidence established a prima facie case that Zissis was not acting within the scope of his employment when the incident occurred (*see*, CPLR 3212 [b]).

In opposition to the motion, the plaintiff relied primarily on the deposition testimony of Michael Irving, who was a supervisor of Nor-Group. This evidence was insufficient to defeat the motion for summary judgment since a factual issue may not be established by hearsay information provided by an individual who has no personal knowledge of the facts (*see, Siegel v Terrusa*, 222 AD2d 428). Santucci, J. P., Altman, Luciano and H. Miller, JJ., concur.