■ Ludwig Castro, Respondent, v New York University et al., Appellants. [773 NYS2d 29]—

Order, Supreme Court, New York County (Rosalyn Richter, J.), entered September 5, 2003, which denied defendants' motion for summary judgment dismissing the complaint pursuant to CPLR 3212, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Although the IAS court properly determined that once defendants set forth a legitimate, nondiscriminatory reason for demoting plaintiff, the burden shifted to plaintiff to raise an issue of fact as to whether defendants' proffered reason was a pretext for discrimination (*see Texas Dept. of Community Af-*

*fairs v Burdine*, 450 US 248, 253 [1981]), we find that the IAS court erred in finding that plaintiff had raised such an issue of fact, and accordingly, reverse.

It is well settled that affidavits devoid of evidentiary facts and consisting of mere conclusions, speculation and unsupported allegations are insufficient to defeat a motion for summary relief (*see Grullon v City of New York*, 297 AD2d 261 [2002]). The affidavits submitted by plaintiff fail to assert facts from which personal knowledge of the reasons for plaintiff's demotion may be inferred. As such, these affidavits lack any probative value (CPLR 3212 [b]; *see Kalil v Zissis*, 281 AD2d 397 [2001]). Likewise, the affidavit of Michael Pidoto, the President of Local 1 of the Security Officers Union, in which he states that a study of departmental hiring practices reveals preferential treatment to African-Americans, also lacks probative value since it fails to identify the information used in the study or how such information was acquired (*see Republic Natl. Bank of N.Y. v Luis Winston, Inc.*, 107 AD2d 581, 582 [1985]).

The IAS court also erred in finding that plaintiff was treated less favorably than a similarly situated employee outside his protected group. A review of the record reveals that plaintiff and Sergeant Gray were not "similarly situated" inasmuch as plaintiff admitted that Gray was not assigned the same duties or responsibilities as plaintiff. Indeed, plaintiff admitted that Gray was not responsible for conducting communication checks to ensure that security officers were at their assigned posts or to conduct an investigation once an officer failed to respond to such a communication check. Plaintiff also admitted that he, not Gray, made false entries into the command log regarding communication checks. We note that plaintiff's subsequent denial of this earlier admission is of little probative value and cannot defeat summary relief (*see Harty v Lenci*, 294 AD2d 296, 298 [2002]). In light of the foregoing, plaintiff has failed to demonstrate any triable issue of fact as to the existence of a pattern or practice of discrimination on the part of defendants. Concur—Buckley, P.J., Nardelli, Sullivan and Lerner, JJ.