■ DANIEL S. CILLO et al., Respondents, v RESJEFAL CORPORATION et al., Defendants, and D.B. BROWN, INC., Appellant. (And Other Actions.) [792 NYS2d 428]—

Order, Supreme Court, Bronx County (Bertram Katz, J.), entered December 8, 2003, which, in an action to recover for food poisoning, insofar as appealed from as limited by the briefs, denied defendant appellant food distributor's cross motion for partial summary judgment dismissing the infant plaintiff's claim for future loss of earnings, unanimously reversed, on the law, without costs, the cross motion granted, and plaintiff's claim for future loss of earnings dismissed.

The subject claim for future loss of earnings was first made in

a supplemental bill of particulars that also alleged enhanced future physical injuries, including hypertension and urinary abnormalities that may eventually require hemodialysis and kidney transplantation. The future physical injuries are attributable to the now 14-year-old infant's consumption of E. coli-contaminated beef, distributed by appellant, in 1997. Appellant argues that the infant plaintiff does not have a claim for future loss of earnings based on the expert opinions of a pediatric specialist and a vocational rehabilitation specialist. These specialists reached the conclusion that the infant plaintiff does not currently suffer from renal disease and therefore is not likely to develop sequelae of the hemolytic uremic syndrome he acquired from ingesting the contaminated beef. Furthermore, due to the infant plaintiff's physical and mental conditions that preexisted the E. coli infection, the infant "had no competitive pre-injury earning capacity that could have been disrupted by additional medical problems."

In opposition, plaintiff offered the opinion of a vocational rehabilitation specialist who examined some of the infant's medical and education records, but did not physically examine the infant plaintiff. In order to defeat a motion for summary judgment, plaintiff was required to present a material issue of evidentiary fact comprised of more than just mere speculation or conjecture (*Castro v New York Univ.*, 5 AD3d 135, 136 [2004]). Plaintiff fails to carry that burden.

Plaintiff's expert simply does not establish that prior to the injury in question, the infant plaintiff had some possible future employability. The expert merely recites the tragic list of injuries that this infant plaintiff had prior to the alleged negligence of appellant. Significantly absent from this affidavit are any facts to support a conclusion that the infant plaintiff would have been employable but for the ingestion of the contaminated beef distributed by appellant. Therefore, the affidavit lacks any probative value (*id.*). Even if this Court were to assume that prior to the incident in question plaintiff had viable employment options despite his condition, the expert fails to present anything more than unsubstantiated assumptions about plaintiff's decreased earning potential due to the appellant's alleged negligence. She simply states, without any degree of medical certainty, that plaintiff's "ability to access the higher paid manual labor jobs [is] likely to be negatively impacted by development of renal disease further." This is nothing more than conjecture about the state of plaintiff's disease and the effects it will have on his future. The expert fails to put forth any medical evidence to support a hypothesis that the renal disease

will develop further in this infant plaintiff. An expert cannot assume material facts that are not supported by the evidence to sustain her conclusions (*see Quinn v Artcraft Constr.*, 203 AD2d 444, 445 [1994]).

Furthermore, even if the expert could state with some degree of certainty that the disease will worsen in the future,* she fails to demonstrate how the development of this particular disease in this child will "negatively impact" the future employability of plaintiff. The factual issues asserted must be genuine and not merely feigned for plaintiff to avoid summary judgment (*see Prunty v Keltie's Bum Steer*, 163 AD2d 595, 596 [1990]). Plaintiff's expert's affidavit reveals only her speculation or theory about the possibility of damage in the future, versus demonstrating the certainty of a present injury with consequences in the future. The former is too tenuous and speculative to present a material issue of triable fact.

Moreover, the fact that plaintiff's expert did not physically examine the witness further demonstrates the dearth of a factual basis for her observations of the infant plaintiff. She stated her notions generally: "[e]xperience in working with developmentally disabled young adults has demonstrated that they frequently perform better in the workplace than in school settings because of an opportunity to perform over [*sic*] learned skills rather than being faced with new learning . . . ." She opines further that due to the repetitive nature of the manual work in which these young adults engage, there may be viable employment options for individuals with cognitive skills similar to those of the plaintiff in such areas as "porter maintenance work, shipping and receiving, stock work, reprographics, and other manual labor positions." Without personally examining plaintiff, she lacks the necessary personal knowledge to conclude that this particular plaintiff fits into the category of children she has studied in the past. Nor does she provide any other basis for such an assumption. Indeed, her general comments about the successful placement of the children she has worked with in the past do not seem to pertain at all to this infant plaintiff according to the affidavit provided. Concur—Mazzarelli, J.P., Williams, Gonzalez, Sweeny and Catterson, JJ.

---

* Both plaintiff's experts and defendant's experts confirm a previous medical diagnosis that infant plaintiff presented with hemolytic uremic syndrome (HUS). Furthermore, the experts also agree that there is a strong association of E. coli infection with the development of HUS, and that HUS is one of the leading causes of renal failure in children. It is, however, disputed whether the infant plaintiff currently suffers from renal disease or will ever contract it.