Etienne v MTA N.Y. City Tr. Auth. (2024 NY Slip Op 00372)

Etienne v MTA N.Y. City Tr. Auth.

2024 NY Slip Op 00372

Decided on January 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2024

Before: Singh, J.P., Kapnick, Kennedy, Higgitt, Michael, JJ. 

Index No. 155727/22 Appeal No. 1567 Case No. 2023-02797 

[*1]Marie Etienne, Plaintiff-Appellant,
v
MTA New York City Transit Authority, Defendant-Respondent.

Wolin & Wolin, Jericho (Alan E. Wolin of counsel), for appellant.
Hoguet Newman Regal & Kenny, LLP, New York (Helene R. Hechtkopf of counsel), for respondent.

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered on or about April 13, 2023, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
The motion court correctly dismissed plaintiff's claims of discrimination, hostile work environment, and retaliation under the New York City Human Rights Law. Regarding plaintiff's claim for discrimination, plaintiff sufficiently pleaded the first two elements of discrimination: her membership in a protected class and qualification for the position (see Harrington v City of New York, 157 AD3d 582, 584 [1st Dept 2018]). As to the two remaining elements, the court correctly concluded that plaintiff failed to adequately allege that she was treated differently or worse than her colleagues of other races, religions, and national origins under similar circumstances or that the treatment occurred under circumstances giving rise to an inference of discrimination (id.).
Plaintiff failed to identify any similarly situated colleagues who were treated more favorably because they were not Black, Christian, or Haitian. Plaintiff argued that she was the subject of disparate treatment as compared to her white and Jewish coworker who was allegedly not subject to any scrutiny, was repeatedly promoted, and was permitted to work overtime. However, plaintiff failed to demonstrate that she and her colleague were "similarly situated in all material respects" (Shah v Wilco Sys., Inc., 27 AD3d 169, 177 [1st Dept 2005], lv denied 7 NY3d 859 [2006] [internal citation omitted]). The complaint simply stated that the coworker was less qualified and less experienced than plaintiff. There were no allegations that she had the same job title as plaintiff, had the same responsibilities or job requirements as plaintiff, reported to the same supervisors, or that she was even employed in the same unit as plaintiff. To the extent the complaint alleged that plaintiff was the only employee with her title who was required to clock out at lunch, she never alleged that any of her colleagues had any disputes with supervisors about wanting to work through lunch.
Plaintiff failed to plead any facts showing that she was treated differently because of her race, religion, or national origin. At the outset, the complaint did not allege that any of plaintiff's colleagues or supervisors made any explicitly or implicitly invidious comments about her race, religion, or country of origin. Plaintiff claimed that on one occasion a supervisor stated to her that she was being mistreated by a different supervisor because of her race. However, "[s]tray remarks such as [this], even if made by a decision maker, do not, without more, constitute evidence of discrimination" (Melman v Montefiore Med. Ctr., 98 AD3d 107, 125 [1st Dept 2012]). Furthermore, plaintiff was promoted in 2017 to a position that she continues to hold today, and the same individuals who plaintiff claims discriminated against her were the actors who [*2]promoted her, which further undercuts an inference of discrimination (see Dickerson v Health Mgt. Corp. of Am., 21 AD3d 326, 329 [1st Dept 2005]).
Plaintiff's hostile work environment claim fails for the same reason. The complaint alleged that her supervisors regularly and unjustifiably criticized her work, refused to permit overtime or lunchtime work, pressured plaintiff to complete assignments in an unrealistic time frame, and were disrespectful and yelled at her three times over the course of her employment. Even assuming that the alleged acts or omissions amounted to more than petty slights and trivial inconveniences, the evidence is not sufficient to establish that plaintiff's supervisors' behavior was motivated because of her protected status, such as her race, religion, or national origin (see Pelepelin v City of New York, 189 AD3d 450, 451-452 [1st Dept 2020]).
Plaintiff also failed to state a claim for retaliation (see Harrington v City of New York, 157 AD3d at 585). Plaintiff alleged that after she filed a notice of claim and the charge of discrimination, her supervisors instituted a rule where she was required to clock out during her lunch hour and enforced the agency's overtime cap. However, plaintiff failed to plead sufficient facts as to why these mandates would dissuade a reasonable employee from complaining about discrimination, or why it constituted anything more than a trivial harm.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2024