**Pastor v August Aichhorn Ctr. for Adolescent Residential Care, Inc.**

2024 NY Slip Op 32243(U)

July 2, 2024

Supreme Court, New York County

Docket Number: Index No. 154065/2021

Judge: Leslie A. Stroth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. LESLIE A. STROTH**      PART      **12M**

*Justice*

------------------------------------------------------------------------X

ELIZABETH PASTOR,

                        Plaintiff,

             - v -

THE AUGUST AICHHORN CENTER FOR ADOLESCENT
RESIDENTIAL CARE, INC. and RENELLE POPE

                    Defendant.

------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154065/2021 |
| MOTION DATE | 01/25/2023 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 63, 64, 65, 66, 67

were read on this motion to/for          SUMMARY JUDGMENT (AFTER JOINDER) .

Plaintiff commenced this employment discrimination action against defendants The

August Aichhorn Center for Adolescent Residential Care, Inc. (Aichhorn), plaintiff's employer,

and Renelle Pope, an employee of Aichhorn, on the basis of her race and ethnicity in violation of

the New York Human Rights Law and New York City Human Rights Law. Plaintiff claims that

in the summer of 2020, while Aichhorn was transitioning its employees to a successor entity, the

Child Center of New York (Child Center), plaintiff was delayed in starting with the Child Center

by approximately two months due to discrimination by Aichhorn and Ms. Pope, their employee.

Plaintiff alleges that Ms. Pope failed to include plaintiff in the original transitioning employees

list because Ms. Pope is a "racist and hated Puerto Ricans" (Comp., ¶15).

Defendants move here, pursuant to CPLR 3212, for summary judgment and to dismiss

the complaint in its entirety on the grounds that plaintiff has failed to show that any

discrimination occurred in violation of New York State Human Rights Law (NYSHRL) or the

New York City Human Rights Law (NYCHRL). Both the NYSHRL and the NYCHRL prohibit

**154065/2021 PASTOR, ELIZABETH vs. THE AUGUST AICHHORN CENTER FOR ADOLESCENT
RESIDENTIAL CARE, INC. ET AL
Motion No. 002**

**Page 1 of 6**

1 of 6

employment discrimination and retaliation on the basis of an individual's race or ethnicity. See New York Exec. Law § 296(1); NY City Administrative Code §8-107(1). Defendants assert that plaintiff herself is responsible for causing any alleged damages. Oral argument was held for the instant motion on May 7, 2024.

It is well-established that the "function of summary judgment is issue finding, not issue determination." *Assaf v Ropog Cab Corp.*, 153 AD2d 520 (1st Dept 1989), quoting *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 (1957). As such, the proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law. *See Alvarez v Prospect Hospital*, 68 NY2d 320 (1986); *Winegrad v New York University Medical Center*, 64 NY2d 851 (1985). Where the moving party has demonstrated its entitlement to summary judgment, the party opposing the motion must demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action. *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 (1986); *Zuckerman v City of New York*, 49 NY2d 557 (1980). This burden to establish a triable issue of fact may only be demonstrated by actual admissible evidence, rather than conclusory or subjunctive statements. *Platzman v American Totalisator Co.*, 45 NY2d 910, 912 (1987); *Mallad Constr. Corp. v County Fed Sav. & Loan Assn.*, 32 NY2d 285 (1973).

The Court notes that, as a threshold matter, plaintiff failed to provide the sections of either NYSHRL or NYCHRL that defendants allegedly violated in her Complaint dated April 27, 2021. Moreover, for a plaintiff to succeed on a claim for discrimination under both the NYSHRL and NYCHRL, a plaintiff must prove that: (1) they are members of a protected class; (2) they are qualified to hold the position; (3) they suffered an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See*

**154065/2021  PASTOR, ELIZABETH vs. THE AUGUST AICHHORN CENTER FOR ADOLESCENT RESIDENTIAL CARE, INC. ET AL**
**Motion No.  002**

**Page 2 of 6**

[* 2]

2 of 6

*Stephenson v Hotel Empls. & Rest. Empls. Union Local 100 of AFL-CIO*, 6 NY3d 265, 270 (2006); *see also Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 (2004).

After establishing its prima facie case, "The burden then shifts to the defendant to rebut plaintiffs' prima facie case of discrimination with a legitimate reason for the firing [upon which showing] the plaintiffs must show by a preponderance of the evidence that defendant's reasons are pretextual." *Stephenson*, 6 NY3d at 271 (internal citation omitted). The City HRL applies a more lenient standard, wherein the plaintiff needs to "only show she was treated differently from others in a way that was more than trivial, insubstantial, or petty." *Dimitracopoulos v City of New York*, 26 F Supp 3d 200, 216 (ED NY 2014). However, the City HRL is not a "general civility code," and a plaintiff must still show "that the conduct is caused by a discriminatory motive." *See Mihalik v Credit Agricole Cheuvreux N. Am., Inc.*, 715 F 3d 102, 110 (2d Cir 2013).

"To prevail on a summary judgment motion, an employer "must demonstrate either the employee's failure to establish every element of intentional discrimination, or—having offered legitimate, nondiscriminatory reasons for the challenged action—the absence of a material issue of fact as to whether its explanations were pretextual." *Dickerson v. Health Mgmt. Corp. of Am.*, 21 AD3d 326 (1st Dept 2005).

Defendants argue that plaintiff has failed to establish her prima facie case of discrimination by satisfying the necessary factors under NYSHRL and NYCHRL. The only evidence she alleges in support of her claim of discrimination is a hearsay statement by her supervisor Carmen Torres that Renelle Pope delayed adding plaintiff to the transitioning employees list, thereby causing the delay in her commencing employment with the Child Center, because Ms. Pope "was racist and hated Hispanics." But contrary to plaintiff's claims, Ms.

**154065/2021 PASTOR, ELIZABETH vs. THE AUGUST AICHHORN CENTER FOR ADOLESCENT RESIDENTIAL CARE, INC. ET AL**
**Motion No. 002**

**Page 3 of 6**

[* 3]

3 of 6

Torres testified in her deposition that she did not believe Ms. Pope was discriminatory against Hispanics, nor did she say to plaintiff that Ms. Pope was racist. (Exh F, p 24). Carmen Torres denies in her deposition that she ever made that statement to plaintiff nor does she believe that about Renelle Pope.

In response to the instant motion, plaintiff did not provide any evidence in admissible form to prove that the third or fourth requirements under NYSHRL or NYCHRL had been met, that plaintiff suffered an adverse employment action or that any adverse action occurred under circumstances giving rise to an inference of discrimination. In addition, plaintiff failed to demonstrate any history or existence of bias, racism, or discriminatory behavior by defendants that interfered with plaintiff's employment with Aichhorn or her transition to the Child Center. Moreover, even in consideration of the more, "lenient" NYCHRL requirements, plaintiff failed to submit any evidence in opposition to the instant motion to sufficiently to show that she was treated differently, on the basis of her race and ethnicity at Aichhorn or in the transition to the Child Center, than members of a different class.

Although plaintiff clearly failed to establish a prima facie claim of discrimination causing her delay in beginning her employment with the Child Center, defendants put forth a valid, non-discriminatory explanation for plaintiff's delay by pointing out that she missed an appointment for mandatory fingerprinting, a prerequisite of her employment with the Child Center on August 11, 2020, and that the appointment had to be rescheduled to August 18, 2020, which resulted in plaintiff not being able to complete her onboarding paperwork until August 21, 2020. Furthermore, defendants allege that plaintiff started her employment at the Child Center shortly thereafter, and that her own absence from the fingerprinting appointment was the sole cause of her start date delay.

**154065/2021 PASTOR, ELIZABETH vs. THE AUGUST AICHHORN CENTER FOR ADOLESCENT RESIDENTIAL CARE, INC. ET AL**
**Motion No. 002**

**Page 4 of 6**

[* 4]

4 of 6

This Court finds that plaintiff has failed to establish her prima facie claim of discrimination, but that defendants have met theirs in showing that no triable issue of material fact exists as to whether plaintiff was racially discriminated against by defendants in violation of State HRL or City HRL.

Although plaintiff maintains that her employment did not begin until October 2020, which would have been later than other employees who had transitioned to the Child Center, an email dated August 10, 2020, supports defendants' argument that plaintiff was initially delayed in starting due to her own actions. The email, sent by the Child Center Human Resource Assistant Nayeli Daza-Romo states, "Good Morning Elizabeth, Attached please find your Appointment Details for fingerprinting." *See* NYSCEF Doc. No. 45, Exhibit K. Moreover, four days later, on August 14, 2020, Human Resource Assistant Daza-Romo followed up with plaintiff to see if she was able to attend the fingerprinting appointment. *Id.*

Plaintiff has failed to show any significant delay in Ms. Pope adding her to the transitioning employees list, as she was given the same opportunity as the other transitioning employees to have her fingerprints taken and complete the necessary paperwork to begin in August. Although Ms. Pope stated in her deposition that there were issues with plaintiff's work which she reported to the Child Center, it was her job to take this into consideration in compiling the list, as well as shift, probation, write-ups, and lateness (Exh E, p 20). Ms. Pope indicated various complaints regarding plaintiff's refusal to perform her job while working at Aichorn[1], but plaintiff has failed to show that discrimination of any kind played a role in Ms. Pope's

---

[1] There were times that she would become combative when she was asked to do something that was outside of what she was normally allowed to do…She was polishing her nails. She was soliciting items at the front desk. She was doing her laundry. She was spending a lot of time in the kitchen with the kitchen staff. She was actually doing yoga at some point. And none of the books, the logbooks from the front desk was updated on Monday morning. There were a lot of things that were just not being done as far as the paperwork was concerned. *Id.*, p 24.

**154065/2021  PASTOR, ELIZABETH vs. THE AUGUST AICHHORN CENTER FOR ADOLESCENT**          **Page 5 of 6**
**RESIDENTIAL CARE, INC. ET AL**
**Motion No. 002**

recommendations for the list. Despite Ms. Pope's opinion regarding plaintiff's work performance, she stated that, "the H.R. people at The Child Center did not think there was enough in Ms. Pastor's file to keep them from transitioning her". *Id.*, p 49.

Given that plaintiff has failed to show any actions on the part of Aichorn or Ms. Pope that constitute discrimination, and the Child Center agreed to transition plaintiff even considering her reported work habits, plaintiff has failed to put forth a prima facie cause of action for discrimination, and this matter is dismissed as to both defendants.

The court notes that there appears to be no explanation in the record for the delay in plaintiff's start date at the Child Center beyond her delayed fingerprinting date. In any event, after her fingerprinting and "onboarding" by the Child Center in August, 2020, plaintiff was employed by the Child Center, and they are not a named defendant here. There is no evidence that Ms. Pope or Aichorn had anything to do with said delay given that the transition of employees, including plaintiff, was complete in August 2020. It is not for this court to speculate as to why plaintiff's start date as a Child Center employee was further delayed.

For all of the foregoing reasons, defendants' motion for summary judgment and dismissal is granted, and this matter is dismissed.

ORDERED that defendants motion for summary judgment is GRANTED and that the action is dismissed.

This constitutes the Decision and Order of the Court.

| 7/2/2024 | | | | |
| --- | --- | --- | --- | --- |
| **DATE** | | | HON. LESLIE A. STROTH | |
| | | | J.S.C | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- |
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**154065/2021   PASTOR, ELIZABETH vs. THE AUGUST AICHHORN CENTER FOR ADOLESCENT RESIDENTIAL CARE, INC. ET AL**
**Motion No. 002**

**Page 6 of 6**

[* 6]