■ CHARLES UDOH, Appellant, v INWOOD GARDENS, INC., et al., Respondents. [897 NYS2d 12]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered September 19, 2008, which, to the extent

appealed from, granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, and the complaint reinstated.

Plaintiff is one of the tenant shareholders of an apartment on the top floor of the Mitchell-Lama cooperative owned by defendant Inwood Gardens, Inc. and managed by defendant Metro Management Development, Inc. In 2000, plaintiff lived in the apartment with two of his sisters and a coworker. However, at that time he was the only person with a key to the apartment. The apartment had a terrace, accessible by a door in the living room. When plaintiff moved into the apartment in 1995, he had complained to defendants that the terrace door was defective insofar as it allowed water to seep into the apartment. Over the next five years, he asked defendants to repair the door numerous times.

On January 7, 2000, a Friday, defendants finally sent a contractor to plaintiff's apartment to replace the terrace door. However, the replacement door was the wrong size and did not fit the frame. No proper replacement door could be obtained for several days and the contractor covered the opening to the terrace by placing a plastic sheet over it. Because of the cold weather outside, a representative of defendant Metro, who was present while the contractor worked, advised plaintiff that he should vacate the apartment until the contractor replaced the door. Plaintiff accepted this advice and found shelter elsewhere.

On January 10, 2000, plaintiff returned to the apartment. As he stepped off the elevator, he noticed that the front door to the apartment, which he had locked when he left the previous Friday, was ajar. When he entered the apartment, he found that it was in a state of disarray. Upon further investigation, he discovered that the apartment had been ransacked and that many of his possessions had been stolen. Plaintiff commenced this action to recover the value of the pilfered goods. He maintains that defendants' failure to adequately secure the opening from the terrace into the apartment permitted a burglar to gain access to the apartment.

Defendants moved for summary judgment. They argued that plaintiff could not establish that they were, or should have been, aware of a likelihood that his apartment would be burglarized. Further, they contended that plaintiff would not be able to prove at trial that the intruders entered the apartment through the terrace. This was based on plaintiff's testimony at his deposition that he was not certain how the intruders entered the building or the apartment, and that he did not know how somebody could have gained access to the terrace in the first place. As an

alternative to summary judgment, defendants sought dismissal of the complaint based on plaintiff's alleged failure to respond to discovery demands, or an order of preclusion.

In opposition, plaintiff contended that defendants had failed to provide him with many of the documents he had demanded from them in discovery. In support of his position that security at the building was generally poor, he submitted memoranda to shareholders alerting them to various thefts and muggings in the building, as well as board meeting minutes memorializing discussion of safety issues. However, these documents postdated the incident at issue by several years.

Supreme Court granted the motion and dismissed the complaint. It held: "[T]here is no evidence that criminal activity was foreseeable, that defendants failed to provide adequate building security, that the burglar was an intruder, or that the burglar entered through the terrace door. Even assuming that the burglar entered through the terrace door, which admittedly was negligently maintained, plaintiff would still have to prove that it is more likely than not that an intruder committed the robbery, which he is unable to do." The court denied the preclusion motion as moot.

We reverse. On a motion for summary judgment, all of the evidence must be viewed in the light most favorable to the party opposing the motion, and all reasonable inferences must be resolved in that party's favor (*see Boyd v Rome Realty Leasing Ltd. Partnership*, 21 AD3d 920, 921 [2005]). When there is any doubt as to the existence of triable issues, summary judgment should not be granted (*see Dawson v Alarcon*, 154 AD2d 320 [1989]). Here, plaintiff testified that only he had the key to the front door of the apartment, and that he locked the door the last time he left the apartment before returning to find it ransacked. The lock to the front door was not broken when he returned, indicating that no one forced their way into the apartment through that door. It would be logical for a trier of fact to conclude, therefore, that whoever entered plaintiff's apartment came in through the terrace, and left through the front door.

Defendants argue that, even if the intruder entered through the terrace, summary judgment is still appropriate because plaintiff cannot establish that the person who entered the apartment was unlawfully in the building, as opposed to being another tenant or someone allowed into the building by a tenant. They further contend that, even if the person who entered the apartment was an unlawful intruder, plaintiff possesses no evidence that it was foreseeable to defendants that the building was not secure and that they should have taken measures to better ensure residents' safety.

Defendants' position lacks merit. The record does not allow for the conclusion that the person who entered plaintiff's apartment did so lawfully. That is because plaintiff testified that no one who lived in the apartment was there between the time that he left the apartment the Friday before the intrusion and the time that he discovered the crime. Moreover, whether the intruder was lawfully in the building is irrelevant. Plaintiff's allegation is that, under the circumstances, defendants' duty to take minimal security precautions against reasonably foreseeable criminal acts by third parties (*see James v Jamie Towers Hous. Co.*, 99 NY2d 639, 641 [2003]) extended to his apartment. This is based on the fact that defendants' affirmative acts compromised not the security of the building, but of the apartment itself. Indeed, because they created the condition which allegedly permitted intruders to enter the apartment via the terrace, defendants' argument that plaintiff has not established that an intrusion by a third party was foreseeable must be rejected. Accordingly, an issue of fact exists as to whether defendants may be held liable for plaintiff's loss. In any event, defendants created the condition, the unsecured terrace entrance, which under any circumstances would allow any malefactor to enter the apartment. Concur—Mazzarelli, J.P., Catterson, Moskowitz and Manzanet-Daniels, JJ.