| |
|---|
| **Coronato v The City of New York** |
| 2025 NY Slip Op 32167(U) |
| June 16, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 157637/2016 |
| Judge: Carol Sharpe |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | **HON. CAROL SHARPE** | PART | **52M** |
| | *Justice* | | |

---------------------------------------------------------------------X

LORI VICTORIA CORONATO,

Plaintiff,

- v -

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF TRANSPORTATION, TRIUMPH
CONSTRUCTION CORP., B THAYER ASSOCIATES, CON
EDISON,

Defendant.

---------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157637/2016 |
| MOTION DATE | 08/02/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119

were read on this motion to/for _____JUDGMENT - SUMMARY_____.

Upon the foregoing documents and following oral arguments, defendant Con Edison's motion for summary judgment is granted as to contractual indemnification and denied as to common law indemnification. Defendant The City of New York ("The City") and plaintiff did not file opposition.

Plaintiff, Lori Victoria Coronato, commenced this action against The City, by filing a Summons and Complaint on September 13, 2016, alleging that on February 1, 2016, she tripped and fell on uneven pavement in vicinity of 157 East 86th Street between Lexington and Third Avenues, New York, New York. Issue was joined by service of The City's answer on September 26, 2016. Plaintiff subsequently filed a separate action against defendants Triumph Construction Corp. ("Triumph"), B. Thayer Associates ("B. Thayer"), and Con Edison in Bronx County on February 1, 2019, Index No. 21371/2019E. Issue was joined in that action by the filing of Triumph's, B. Thayer's, and Con Edison's answers on March 1, 2019, May 15, 2019, and June 7,

157637/2016  CORONATO, LORI VICTORIA vs. CITY OF NEW YORK
Motion No. 002

Page 1 of 7

2019, respectively. By Order dated February 26, 2021, the two actions were consolidated under Index No. 157637/2016. Pursuant to a stipulation dated April 6, 2022, the action against B. Thayer was discontinued.

Defendant Con Edison filed the instant motion seeking summary judgment against Triumph for contractual and common law indemnification pursuant to CPLR §3212. Triumph filed opposition to the motion, to which Con Edison filed a reply and a supplemental affirmation in support of the motion.

In support of its motion, Con Edison submitted, among other exhibits; plaintiff's 50-h hearing and deposition transcripts; photographs; Triumph's records; and the contract between Con Edison and Triumph. The contract between Con Edison and Triumph was for the period from May 15, 2013, through May 16, 2016 ("Contract"). The scope of work to be performed under the Contract by Triumph, as a subcontractor of Con Edison, included excavations of the roadway and "full top roadway final restoration per NYC DOT guidelines" (NYSCEF Doc. #92, ¶13). The indemnification provision in the Contract reads, in pertinent part:

> "To the fullest extent allowed by law, Contractor [Triumph] agrees to defend, indemnify and hold harmless Con Edison and its affiliates (including, but not limited to, O&R) and their respective trustees, directors, officers, employees, agents, representatives, successors and assigns from and against all claims, damage, loss and liability, including costs and expenses, legal and otherwise, for injury to or the death of persons, or damage to property, including the property of Con Edison or O&R, and statutory or administrative fines, penalties or forfeitures resulting in whole or in part from, or connected with, the performance of the Work by Contractor any subcontractor or their respective agents, servants, employees or representatives, and including claims, loss, damage and liability arising from the partial or sole negligence of Con Edison or non-parties to the Contract (including, but not limited to, O&R)..." (NYSCEF Doc. #100, Page 37, ¶ 36)

157637/2016  CORONATO, LORI VICTORIA vs. CITY OF NEW YORK
Motion No. 002

Page 2 of 7

[* 2]

Con Edison contends that Triumph was the subcontractor that performed work in the area prior to Ms. Coronato's incident, therefore, the indemnification provision of the Contract is triggered, and Triumph should be responsible for defending and indemnifying Con Edison in this action. Con Edison stated that in a letter it received from Triumph dated May 23, 2023, Triumph agreed to defend Con Edison in this matter, subject to a reservation of rights in the event it is determined the cause of action did not arise out of Triumph's work (NYSCEF Doc. #92, ¶18).

In opposition, Triumph argues that while the indemnification provision in the Contract is clear and unambiguous that it must indemnify Con Edison if a claim arises in whole or in part from, or connected with, Triumph's work, even if there is some negligence on Con Edison's part, Con Edison has failed to prove that the trench in the roadway where Ms. Coronato alleges she injured herself was a defect caused by or connected with Triumph's work.

In support of its opposition, Triumph submitted, among other documents, The City's records and transcript of its witness, and Triumph's records and the transcript of its witness. John McCann testified that he is a supervisor for Triumph Construction and that the paperwork shows that Triumph did three jobs for Con Edison in the area until June 12, 2015. He testified that there was excavation and a final restoration of a trench measuring 50 feet long and 3 feet wide. Triumph would lay the asphalt, and the paving contractor would finish by sealing and all the things to finish the job. Mr. McCann could not tell from records and photographs where Triumph performed its work relative to the place of the accident.

The City's records, which included photographs, and the testimony of the witness, David Dorce, a record searcher and testifier employed by the New York City Department of Transportation ("DOT"), established that a complaint was made via a 311 call about an area in the vicinity of East 86th Street between Lexington and Third Avenues that was lower than the roadway

157637/2016  CORONATO, LORI VICTORIA vs. CITY OF NEW YORK
Motion No. 002

Page 3 of 7

surface after it was repaved. Mr. Dorce also testified regarding violations that were issued at the jobsite. The City's records showed that in March of 2015 Con Edison received a violation for barricades left on the sidewalk in front of 151 East 86th Street that were marked "SMC," and that The City was made aware of a defect in the road in the same area as the incident in December 2024, and subsequently repaired and repaved a 90-foot trench in February of 2016, after the plaintiff's accident. Triumph contends that the summary judgment motion must be denied as The City would not have remedied the defect caused by a subcontractor or other entity, and that without clear evidence as to who performed the work that caused plaintiff's alleged injuries, the indemnification provision in the contract has not been triggered.

"The proponent of a motion for summary judgment must demonstrate that there are no material issues of fact in dispute, and that it is entitled to judgment as a matter of law." *Dallas-Stephenson v. Waisman,* 39 A.D.3d 303, 306, 833 N.Y.S.2d 89 (1st Dept. 2007), *citing Winegrad v. New York Univ. Med. Center,* 64 N.Y.2d 851, 853, 487 N.Y.S.2d 316, 476 N.E.2d 642 (1985). "Failure to make such *prima facie* showing requires a denial of the motion, regardless of the sufficiency of the opposing papers." *Alvarez v Prospect Hosp.,* 68 N.Y.2d 320, 324, 501 N.E.2d 572, 508 N.Y.S.2d 923 (1986). If the proponent makes the required *prima facie* showing, the burden then shifts to the opposing party, who must proffer evidence in admissible form establishing that an issue of fact exists warranting a trial. CPLR §3212(b); *Zuckerman v. City of New York,* 49 N.Y.2d 557 (1980); *Gonzalez v. 98 Mag Leasing Corp.,* 95 N.Y.2d 124, 733 N.E.2d 203, 711 N.Y.S.2d 131 (2000).

"It is well established that summary judgment may not be granted whenever the pleadings raise clear, well-defined and genuine issues." *Falk v. Goodman,* 7 N.Y.2d 87, 89, 163 N.E.2d 871, 195 N.Y.S.2d 645 (1959). Upon a motion for summary judgment, the role of the court is issue

157637/2016   CORONATO, LORI VICTORIA vs. CITY OF NEW YORK
Motion No. 002

Page 4 of 7

[* 4]

4 of 7

finding, not issue determination. *Vega v. Restani Constr. Corp.*, 18 N.Y.3d 499, 965 N.E.2d 240, 942 N.Y.S.2d 13 (2012); *Sillman v. Twentieth Century-Fox Film Corp.*, 3 N.Y.2d 395, 404, 144 N.E.2d 387, 165 N.Y.S.2d 498 (1957); *Esteve v. Abad*, 271 A.D. 725, 727, 68 N.Y.S.2d 322 (1st Dept. 1947). The motion should be denied where different conclusions can reasonably be drawn from the evidence. *Sommer v. Federal Signal Corp.*, 79 N.Y.2d 540, 593 N.E.2d 1365, 583 N.Y.S.2d 957 (1992). All of the evidence must be viewed in the light most favorable to the party opposing the motion, and all reasonable inferences must be resolved in that party's favor. *Udoh v. Inwood Gardens, Inc.*, 70 A.D.3d 563, 897 N.Y.S.2d 12 (1st Dept. 2010). Issues of credibility are to be resolved at trial, not by summary judgment. *Castillo v. New York City Tr. Auth.*, 69 A.D.3d 487, 891 N.Y.S.2d 645 (1st Dept. 2010).

For a summary judgment motion to be denied, the non-moving party must provide evidence showing that triable issues of fact exist. Such evidence must be convincing and reliable, and cannot be speculation, conjecture or conclusory. *See, Mallad Constr. Corp. v. Cty. Fed. Sav. & Loan Ass'n*, 32 N.Y.2d 285, 344 N.Y.S.2d 925, 929, 298 N.E.2d 96 (1973); *Freedman v. Chem. Constr. Corp.*, 43 N.Y.2d 260,264, 401 N.Y.S.2d 176, 179, 372 N.E.2d 12,14 (1977)("[I]t is elementary that conclusory assertions will not defeat summary judgment. The opponent of a properly made summary judgment motion must present evidentiary facts sufficient to raise a triable issue of fact..."). If there are no material triable issues of fact, summary judgment must be granted. *See, Sillman*, 3 N.Y.2d at 404.

Succeeding on a summary judgment motion for contractual indemnification is dependent upon the specific language in the contract, which should be clear and unambiguous as to the intent of the parties. "The promise [to indemnify] should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances..."

157637/2016  CORONATO, LORI VICTORIA vs. CITY OF NEW YORK      Page 5 of 7
Motion No. 002

5 of 7

N.E.2d 903, 905 (1989). The contractual language "must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed." *Id.* at 491. "Where a person is under no legal duty to indemnify, his contract assuming that obligation must be strictly construed." *Levine v. Shell Oil Co.*, 28 N.Y.2d 205, 211, 321 N.Y.S.2d 81, 269 N.E.2d 799 (1971). "When the intent is clear, an indemnification agreement will be enforced even if it provides indemnity for one's own or a third party's negligence." *Bradley v. Earl B. Feiden, Inc.*, 8 N.Y.3d 265, 275, 64 N.E.2d 600, 832 N.Y.S.2d 470, (2007). Here, Con Edison established that the indemnification language in the Contract clearly stated the intention of the parties, which is that Triumph will indemnify Con Edison from any action arising out of the work performed by Triumph under the contract, whether Con Edison's negligence contributed to plaintiff's injuries or not. Triumph has not met its burden to provide sufficient evidence to show that the contract language is ambiguous, or that the language does not reflect the intent of the parties.

"To be entitled to common-law indemnification, a party must show: (1) that it has been held vicariously liable without proof of any negligence or actual supervision on its part; and (2) that the proposed indemnitor was either negligent or exercised actual supervision or control over the injury-producing work." *Naughton v. City of N.Y.*, 94 A.D.3d 1, 6, 940 N.Y.S.2d 21, 25 (1st Dept. 2012). "[I]n the case of common-law indemnification, the one seeking indemnity must prove not only that it was not guilty of any negligence beyond the statutory liability but must also prove that the proposed indemnitor was guilty of some negligence that contributed to the causation of the accident for which the indemnitee was held liable to the injured party by virtue of some obligation imposed by law…" *Correia v. Prof'l Data Mgmt., Inc.*, 259 A.D.2d 60, 65, 693 N.Y.S.2d 596, 600 (1st Dept. 1999). *See also, Ramirez v. Almah, LLC*, 169 A.D.3d 508, 94 N.Y.S.3d 38 (1st Dept. 2011). Here, Con Edison is not entitled to common-law indemnification as

**157637/2016 CORONATO, LORI VICTORIA vs. CITY OF NEW YORK** Page 6 of 7
**Motion No. 002**

6 of 7

it failed to establish that Triumph was negligent in its performance of the work under the Contract and that such negligence was the proximate cause of plaintiff's injury. Furthermore, Triumph raised several triable issues of material fact, including whether another contractor worked in the area after they did.

Accordingly, it is hereby:

**ORDERED**, that Con Edison's motion for summary judgment is granted in part, in that Triumph is contractually obligated to indemnify Con Edison in this matter; and it is further

**ORDERED**, that the branch of Con Edison's motion for summary judgment for common law indemnification is denied.

This constitutes the Decision and Order of the Court.

E N T E R :

| June 16, 2025 | HON. CAROL SHARPE, J.S.C. |
|---|---|
| DATE | HON. CAROL SHARPE J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**157637/2016  CORONATO, LORI VICTORIA vs. CITY OF NEW YORK**
**Motion No.  002**

Page 7 of 7

[* 7]